# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **FRED W. MAUNEY, JR.,** | |
| Plaintiff, | **MEMORANDUM DECISION** |
| vs. | **AND ORDER** |
| **UNITED STATES POSTAL SERVICE,** et al., | Case No. 2:01CV00179DAK |
| Defendants. | |

On April 21, 2010, Plaintiff filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure to set aside a judgment rendered in favor of Defendant on January 10, 2002. Defendant filed its opposition on May 7, 2010. The underlying suit was never argued on the merits. Plaintiff now asserts that Defendant acted fraudulently in the prior proceedings and that this provides the basis for setting aside the judgment. Plaintiff, however, has failed to satisfy his burden in proving these allegations. More significantly, his motion fails under Rule 60(c) of the Federal Rules of Civil Procedure for failure to pursue it within one year of the original judgment and under Rule 60(b) for failure to move within a reasonable time.

## Background

The original cause of action in this case occurred in early 2001 when Plaintiff sought his claimed reward of $100,000 for assisting in the arrest of the murderer of a United States Postal Service ("Postal Service") employee while that employee was on duty. It is Plaintiff's belief that

the United States Attorney General was responsible for enforcing Plaintiff's claim of reward, which he never received.

On May 15, 2001, Defendants moved to quash service upon the Postal Service and upon the individual federal employee defendants for lack of proper service of process under Rule 4 of the Federal Rules of Civil Procedure. On August 30, 2001, the Postal Service moved to dismiss Plaintiff's complaint on the ground that it had still not been properly served. After being granted an ex parte motion for additional time to reply to the Postal Service's motion to dismiss, Plaintiff never responded. This court then granted the Postal Service's motion to dismiss with prejudice. Plaintiff did not appeal or seek reconsideration of the court's order. But now, over eight years later, he seeks relief from the January 10, 2002 order, claiming fraud on the part of both the Defendants and the court.

Plaintiff claims that Mr. Lusty, counsel for Defendants, lied regarding his status as a Special Assistant United States Attorney while representing the Postal Service; that Mr. Lusty failed to disclose an alleged conflict of interest in representing the Postal Service as a United States Attorney; that an improper address for Mr. Lusty appearing on court documents was an intentional misrepresentation; and that he acted improperly in seeking to have the case dismissed for insufficient process under Rule 4 of the Federal Rules of Civil Procedure.[1] Plaintiff argues that each of these claims constitutes fraud, and that the court similarly engaged in fraudulent conduct by granting the original motion to dismiss.

## Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds for relief from a final judgment or order including mistake, newly discovered evidence, fraud, a void or

---

[1] Mr. Lusty is a United States Attorney who by special appointment represented the Postal Service in the preliminary stages of litigation and continues to represent the Postal Service.

satisfied status of the judgment, and any other reason that justifies relief.  In considering a motion under this rule, the court has substantial discretion as to whether to grant relief.  *Pelican Production Co. v. Marino*, 893 F.2d 1143, 1145-46 (10th Cir. 1990).  Rule 60(c) of the Federal Rules of Civil Procedure, however, requires that a motion under Rule 60(b) must be made within a reasonable time.  It also states that a Rule 60(b) motion that is grounded in fraud, misrepresentation, or misconduct by an opposing party must be made "no more than a year after the entry of the judgment or order or date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

In his complaint, Plaintiff alleges fraud by the Defendant during the litigation of this action.  He also alleges fraud on the part of the court itself.  When fraud is the basis of a Rule 60(b) motion, it must be proved by clear and convincing evidence.  *See Booker v. Dugger*, 825 F.2d 281, 283-284 (11th Cir. 1987).   Disputable allegations do not meet this demanding standard.  Plaintiff claims that certain matters involved in the prior proceedings were false or improper and, as such, were fraudulent.  However, he fails to support his claims with sufficiently specific references to the law, without which his legal claims remain obscure.  Furthermore, the court finds that none of the allegations, as outlined in Defendant's memorandum, were in fact false or improper, and as such do not support a claim of fraud.  Plaintiff has not satisfied his burden of proving fraud by clear and convincing evidence and, therefore, has not provided an adequate basis for his Rule 60(b) motion.

More significantly, however, Plaintiff's motion fails under Rule 60(c) of the Federal Rules of Civil Procedure.  Because his motion is grounded in a claim of fraud, it must be dismissed for failure to file "no more than a year after the entry of the judgment or order or date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Contrary to the rule, Plaintiff waited over eight years to seek relief from the judgment.

Similarly, the court finds no "other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Default judgments, to be certain, are disfavored. *See Pelican*, 893 F.2d at 1146, *citing Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). "However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion. Thus, the trial court ought not to reopen a judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action." *Gomes*, 420 F.2d at 1366. Given Plaintiff's failure to expeditiously pursue the original claim and his failure to prove fraud by clear and convincing evidence, the Plaintiff has not presented the Court with a justifiable reason to disturb the original judgment.

Accordingly, Plaintiff's motion for relief from judgment is DENIED.

DATED this 27th day of July, 2010.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge